UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULENBURG, an individual; and MOONLIGHT101, a California corporation,<br><br>         Plaintiffs,<br><br>v.<br><br>HANDEL'S ENTERPRISES, INC., an Ohio Corporation; and DOES 1-50, inclusive,,<br><br>         Defendant. | Case No.: 18cv513-GPC(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) Plaintiffs filed an opposition on and Defendant filed a reply. (Dkt. Nos. 16, 18.) Based on the reasoning below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

**Discussion**

On January 30, 2018, Plaintiffs Kenneth Schulenburg ("Plaintiff" or "Schulenburg") and Moonlight 101 (collectively "Plaintiffs") filed a complaint in state court alleging (1) violations of California Corporations Code ("Corporations Code") sections 31123, 31107; (2) offering for sale and sale of an unregistered franchise in

1

violation of Corporations Code sections 31110, 31111, 31119, 31300; (3) violation of Corporations Code sections 31119, 31107, 31300; and (4) negligence. (Dkt. No. 1-2.) On March 9, 2018, Defendant removed the case to this Court. (Dkt. No. 1.)

Defendant Handel's Enterprises, Inc. ("Defendant" or "Handel") is a franchisor in the ice cream retail industry which bears the brand name, "Handel's Ice Cream." (Dkt. No. 1-2, Compl. ¶ 23.) Around October 2015, Plaintiffs started negotiations with Defendant to purchase a Handel's franchise. (Id. ¶ 24.) On information and belief, Handel registered its 2015 Franchise Disclosure Document ("FDD") which had an issuance date of October 20, 2014 with the DBO, who approved it on April 13, 2015 ("Old FDD"). (Id. ¶ 25.)

On information and belief, Handel's subsequently modified its FDD as well as the exhibits attached to it, and created a new FDD with an issuance date of April 13, 2015, ("New FDD"). (Id. ¶ 26.) On information and belief, the New FDD contains material modifications compared to the Old FDD. (Id. ¶ 27.) However, the New FDD was not registered with the DBO as of the date it was given to Plaintiffs. (Id.) In fact, Defendant waited until January 11, 2016 to do a post-effective filing of the New FDD, which was approved on January 19, 2016. (Id.)

On or about October 15, 2015, Defendant provided the New FDD to Plaintiffs. (Id. ¶ 28.) Around December 17, 2015, Plaintiffs sent Defendant a payment of $5,000 as a deposit towards the franchise fee, even though as of that date Plaintiffs had still not signed a franchise agreement with Defendant. (Id. ¶ 29.) Defendant received the deposit on December 17, 2015. (Id.) On January 19, 2016, at 9:32am, Schulenburg wired into Handel's Chase bank account the remaining $45,000 due for the franchise fee. (Id. ¶ 30.) On January 21, 2016, Defendant met with Plaintiffs and provided yet again the New FDD to Plaintiff and the parties signed the Franchise Agreement. (Id. ¶ 31.) Under the California Franchise Investment Law ("CFIL"), a franchisor such as Handel's has to wait 14 days after providing a registered FDD before it can collect the prospective franchisee's signature on the franchise agreement, or collect any fees. (Id. ¶ 32.)

Defendant obtained not only the signature of Plaintiff on the Franchise Agreement on January 21, 2016, but also accepted partial payment from Plaintiff more than a month before signing the Franchise Agreement. (Id. ¶ 33.) Based on these allegations, Plaintiffs allege violations of the disclosure provisions of the CFIL.

In its motion to dismiss, Defendant filed a request for judicial notice ("RJN"), consisting of 572 pages, which include documents to support its alleged compliance with the CFIL. In their opposition, Plaintiffs do not object to Defendant's RJN or the facts recited in pages 3-7 of Defendant's motion which are based on the RJN documents and note the documents have provided a "clearer picture" of the underlying facts. (Dkt. No. 16 at 5-6[1].) Based on the documents provided in the RJN, Plaintiffs agree that Handel's 2015 FDD was registered and valid as of April 13, 2015, that Plaintiffs received the 2015 FDD on October 15, 2015, and he signed the Franchise Agreement that was attached as an exhibit to the 2015 FDD on January 21, 2016. Plaintiffs also agree that Defendant submitted an application for amendment to the Department of Business Oversight ("DBO") on January 11, 2016, which was approved on January 19, 2016. They also agree that Schulenburg was not shown the Amended FDD prior to him signing the Franchise Agreement on January 21, 2016 or when he paid the franchise fee on January 19, 2016. However, none of these allegations are contained in the complaint.

As a result of these new facts, Plaintiffs do not oppose the motion to dismiss as it relates to the second cause of action for offering for sale and selling an unregistered franchise under Corporations Code sections 31110, 31111, 31114, 31300, and the fourth cause of action for negligent misrepresentation due to the newly discovered facts. However, they argue that they have sufficiently stated a claim under the first and third causes of action. In support of their argument, Plaintiffs improperly rely on the facts contained in Defendant's opposition and the documents in the RJN.

---

[1] Page numbers are based on the CM/ECF pagination.

Dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for "failure to state a claim upon which relief can be granted requires the Court to look at facts alleged in the complaint, and not facts contained in Defendant's opposition or documents contained in a request for judicial notice. "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. California De''t of Corrections, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) ("[N]ew" allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes."); see also 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). "The focus of any Rule 12(b)(6) dismissal-both in the trial court and on appeal-is the complaint." Schneider, 151 F.3d at 1197 n. 1; see also Bastida v. Nat'l Holdings Corp., Case No. C16-388RSL, 2016 WL 4250135, at *1 (W.D. Wash. Aug. 4, 2016) ("Plaintiffs cannot save a deficient complaint from dismissal by alleging new facts in an opposition brief or otherwise relying on documents outside the pleadings."); Gerritsen v. Warner Bros. Ent'mt. Inc., 112 F. Supp. 3d 1011, 1033 n. 93 (C.D. Cal. 2015).

Here, as conceded by Plaintiffs by relying on facts asserted in Defendant's opposition, the Complaint fails to state a cause of action for violations of the CFIL and negligence; and thus, the Court GRANTS Plaintiffs' motion to dismiss.[2] Because

---

[2] Plaintiffs assert that they asked Defendant about consenting to amend the complaint after discovering these facts in Defendant's request for judicial notice but Defendant refused to consent forcing them to file the opposition. However, Plaintiffs could have, on their own, filed a motion for leave to file an amended complaint. While the parties argue the merits of the first and third causes of action based on facts not alleged in the complaint, it would be improper for the Court to rule on facts not alleged in the complaint. See Schneider, 151 F.3d at 1197, n.1.

Plaintiffs can cure the deficiencies alleged in their complaint, the Court grants Plaintiffs' request for leave to file a first amended complaint.

**Conclusion**

Based on the above, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiffs shall file a first amended complaint on or before **July 6, 2018**. The hearing date set for June 22, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: June 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge